IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTONIO FREEMAN, #01512080, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:24-cv-341-JDK-KNM |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
IMPOSING SANCTIONS**

Petitioner Antonio Freeman, a Texas Department of Criminal Justice inmate proceeding pro se and seeking to proceed *in forma pauperis*, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

On May 27, 2025, Judge Mitchell issued a Report and Recommendation (Docket No. 5) determining that Petitioner's federal habeas petition challenging his underlying conviction is a second, or successive, petition and that there is no indication that the Fifth Circuit Court of Appeals granted him permission to file it. *Id.* Judge Mitchell recommended that the Court, therefore, dismiss the petition. *Id.*

Furthermore, Judge Mitchell reasoned that Petitioner's allegations regarding his prison disciplinary proceeding—sounding in federal civil rights under 42 U.S.C. § 1983—are meritless because Petitioner identified neither a liberty concern nor a due process violation. Judge Mitchell also highlighted Petitioner's conduct as a

1

vexatious and frivolous litigant. Specifically, as a result of Petitioner's repeated frivolous and abusive filings in federal court, Petitioner has accumulated at least three strikes under the Prison Litigation Reform Act (PLRA) and is thus barred from filing *in forma pauperis* lawsuits while imprisoned unless under imminent threat of serious physical injury; furthermore, he was also sanctioned and barred from filing civil cases in the Northern District of Texas in 2020. *See Freeman v. Davis*, Case No. 1:19-cv-136 (N.D. Tex. Mar. 4, 2020) (outlining Petitioner's accumulation of strikes under the PLRA, highlighting abusive litigation history, and imposing $100.00 sanction, which must be paid before the court entertains any filings).

There is no indication that Petitioner satisfied the sanctions or will heed the judiciary's warnings. Consequently, Judge Mitchell determined that Petitioner continues to abuse the judiciary and recommended that this Court honor those sanctions and bar Petitioner from filing any further civil proceedings in this Court unless done so by a licensed attorney. *See* G.O. 94-6.

A copy of this Report was sent to Petitioner at his last-known address, with an acknowledgment card. Despite significant time in which to respond, Petitioner has neither filed objections nor otherwise communicated with the Court. Thus, the time period for filing objections has passed. The Fifth Circuit has explained that when a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *See Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 420–21 & n.9 (5th Cir. 2019).

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Here, Petitioner did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.

Furthermore, the Court will honor the sanctions previously imposed on Petitioner and will bar him from filing lawsuits in this Court unless done so by a licensed attorney. *See, e.g.*, *Flores v. U.S. Dep't of Just.*, 2021 WL 1196268, at *1–2 (E.D. Tex. Mar. 30, 2021) (barring pro se prisoner from filing future lawsuits unless done so by a licensed attorney given his history of filing nonsensical and frivolous cases despite receiving multiple warnings).

The Fifth Circuit has stated that "to recount the characteristics and history of this prisoner's allegations is to foreshadow what we must do with it." *Vinson v. Tex. Bd. of Corr.*, 901 F.2d 474, 475 (5th Cir. 1990); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (explaining that "no one, rich or poor, is entitled to abuse the judicial process."). As Judge Mitchell reasoned, here, the repeated warnings and sanctions imposed have gone unheeded.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 5) as the findings of this Court. Petitioner's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**. This civil proceeding is **DISMISSED** with prejudice, and Petitioner is further **DENIED** a certificate of appealability *sua sponte*. Any pending motions are hereby **DENIED** as moot.

Furthermore, it is **ORDERED** that Petitioner Antonio Freeman, TDCJ No. 01512080, is **SANCTIONED**. The Clerk of the Court for the Eastern District of Texas **shall not accept** from Antonio Freeman, TDCJ No. 01512080, any further lawsuits, documents, pleadings, correspondence, letters, notices, or motions in any further suit that do not bear the signature of a licensed attorney admitted to practice before the Bar of the Eastern District of Texas. Any other lawsuits, documents, pleadings, notices, letters, correspondence, or motions not bearing a signature from a licensed attorney shall not be filed on the docket but may be returned unfiled or discarded at the sole discretion of the Clerk.

So **ORDERED** and **SIGNED** this **27th** day of **October, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE